Case 4:25-cv-01163   Document 57   Filed 01/16/26 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| JEFFREY LEE COLLINS, | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. H-25-1163 |
| FLORIDA DEPARTMENT OF REVENUE, *et al.*, | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of a 2008 administrative child-support order against Jeffrey Lee Collins. (Docket Entry No. 6 at 2). Collins alleges that he has only one biological child. (*Id.*). But the Florida Department of Revenue executed a child-support order establishing paternity for two children. (*Id.* at 3).

In July 2024, Collins attempted to have both children take paternity tests. (*Id.* at 3–4). Only one complied. (*Id.*). He argues, based on these facts, that Elvira Broomfield, the mother of both children, knowingly misrepresented the paternity of her child. (*Id.* at 4).

In February 2025, the Department placed a levy on his accounts at the Navy Federal Credit Union for $128,535.54 in past-due child support. (*Id.* at 5). The notice also warned Collins that the Department planned to seize his assets, including funds in his accounts at the Navy Federal Credit Union. (*Id.*).

In March 2025, Collins filed this lawsuit against the Department and Broomfield. (Docket Entry Nos. 1, 6). The complaint alleges claims of intrinsic fraud, extrinsic fraud, and unjust enrichment against both the Department and Elvira Broomfield, (Docket Entry No. 6 at 6, 10);

violations of the Due Process Clause, Fair Credit Reporting Act, Uniform Interstate Family Support Act, and Florida's Good Dad Act, as well as negligence and breach of fiduciary duty claims, against the Department; and claims of fraud and misrepresentation against Broomfield. (*Id.* at 8–9). Collins seeks a declaratory judgment (1) that the child-support order is void due to fraud and lack of jurisdiction; and (2) that the enforcement actions, including levies and credit reporting, were unlawful. (*Id.*). He seeks compensatory and punitive damages for financial and emotional harm. (*Id.*). Collins separately moves to vacate the child-support order. (Docket Entry No. 3).

Broomfield moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. (Docket Entry No. 34). The Department has not yet moved to dismiss because it was only recently served. (Docket Entry Nos. 53, 54). The Department's motion to quash service is pending. (Docket Entry No. 55).

In December 2025, Magistrate Judge Richard W. Bennett issued a Memorandum and Recommendation on the motion to vacate and motion to dismiss. (Docket Entry No. 49). Judge Bennett concluded that the court lacks subject-matter jurisdiction over the case based on the *Rooker-Feldman* doctrine, because Collins's claims are intertwined with the state-court order. (*Id.* at 9–10). Collins objected to the Memorandum and Recommendation. (Docket Entry No. 50). The court reviews the recommendations de novo. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The court adopts the Memorandum and Recommendation in part.

The *Rooker-Feldman* doctrine bars part of Collins's complaint. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the doctrine, federal district courts lack subject-matter jurisdiction over "cases brought by state-court

2

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This principle is narrow in application: federal courts cannot "modify or reverse state court judgments," except when authorized by Congress. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004). The doctrine does not prevent federal courts from awarding "relief that would ameliorate the effects of an adverse state court judgment." *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1154 (9th Cir. 2025); *accord Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383 (5th Cir. 2013).[1]

Based on the *Rooker-Feldman* doctrine, the court adopts Judge Bennett's recommendation to deny Collins's motion to vacate. The motion requests relief this court does not have subject-matter jurisdiction to grant. The motion to vacate, (Docket Entry No. 3), is denied.

The court also adopts in part Judge Bennett's recommendation to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction. Collins's complaint requests relief that the court does not have subject-matter jurisdiction to grant, based on claims—including intrinsic and

---

[1] *Truong* collected instructive examples. *Compare Scott v. Fortenberry*, 278 Fed. App'x. 440, 441 (5th Cir. 2008) (*Rooker-Feldman* does not bar a § 1983 claim for damages arising from court reporter's failure to prepare a trial transcript and consequent delay of his criminal appeal because the suit did not challenge his conviction); *Drake v. St. Paul Travelers Ins. Co.*, 353 Fed. App'x. 901, 905 (5th Cir. 2009) (*Rooker-Feldman* does not bar a state-court loser's claim for damages as to state-court winner's allegedly fraudulent statements in state-court litigation); *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 391 (5th Cir. 2012) (*Rooker-Feldman* does not bar a claim that the state-court plaintiffs' lawyers obtained a settlement judgment through fraudulent misrepresentations); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 162, 171 (3d Cir.2010) (*Rooker-Feldman* does not bar claims that the defendants had conspired to engineer its loss in state court by exercising improper influence on state judges); *McCormick v. Braverman*, 451 F.3d 382, 392–93, 395–96 (6th Cir. 2006) (*Rooker-Feldman* does not bar claims that state-court opponents committed fraud and abuse of process, but does bar a claim that an adverse receivership order was illegal), *with Price v. Porter*, 351 Fed. App'x. 925, 926–27 (5th Cir. 2009) (*Rooker-Feldman* bars due process and equal protection claims that a state-court judge should have recused himself due to a conflict of interest); *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 Fed. App'x. 22, 24 (5th Cir. 2011) (*Rooker-Feldman* bars a claim that a foreclosure judgment is unlawful "because [the plaintiff] is complaining of injuries caused by the state court judgments"); *Mosley v. Bowie County*, 275 Fed. App'x. 327, 328–29 (5th Cir. 2008) (*Rooker-Feldman* bars a claim that a state child-support order is void, but not a claim that state government defendants violated the federal plaintiffs' constitutional rights in the course of enforcing the order).

3

extrinsic fraud—that the court does not have subject-jurisdiction to consider. For these reasons, Broomfield's motion to dismiss, (Docket Entry No. 34), is granted in part. Count 1 of Collins's complaint is dismissed, without prejudice, for lack of subject-matter jurisdiction.

The court does not adopt Judge Bennett's recommendation to dismiss Collins's complaint in full, because this court has subject-matter jurisdiction over his requests for "relief that would ameliorate the effects of" the child-support order, *Miroth*, 136 F.4th at 1154, and his claims that seek redress for wrongs committed in the course of enforcing the order, *see Truong*, 717 F.3d at 383; *Mosley*, 275 Fed. App'x. at 328–29. Although other doctrines—such as preclusion or the *Heck* bar—may defeat Collins's claims, subject-matter jurisdiction does not.

Broomfield also moved to dismiss Collins's claims against her for lack of federal-question jurisdiction and for failure to state a claim. (Docket Entry No. 34 at 7–9). Broomfield's argument that the court lacks federal-question jurisdiction is irrelevant. Collins alleged diversity jurisdiction instead: he alleged that he is a citizen of Texas, (Docket Entry No. 6 at 1), that both the Department and Broomfield are citizens of Florida, (*id.* at 2); and that the amount in controversy exceeds $75,000, (*id.* at 2, 5). The court has subject-matter jurisdiction over Collins's remaining claims.

Broomfield's argument that Collins failed to state a claim is successful, in part. Collins's fraud and misrepresentation claims do not appear viable. Those claims, under Florida law, require "injury by the party acting in reliance" on allegedly fraudulent or negligent misrepresentation. *Bostic v. Bodie*, No. 24-10126, 2025 WL 1443834, at *9 (11th Cir. May 20, 2025) (per curiam) (quoting *In re Harris*, 3 F.4th 1339, 1349 (11th Cir. 2021)).[2] The facts alleged do not show that Collins relied on the alleged misrepresentations about his paternity; the Department and other

---

[2] The court assumes that Florida law applies because the relevant events appear to have taken place in Florida. Collins does not specify under which common law he sues. The parties do not meaningfully dispute the applicable law at this stage in the litigation.

4

judicial officials did. By contrast, Collins's unjust-enrichment claim is potentially viable, because it requires payment for benefits voluntarily but inequitably accepted and retained. *See id.* at *8 (citing *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999)). Broomfield does not cite case law showing that Collins cannot state a claim for unjust enrichment based on a fraudulently-obtained judgment. For these reasons, Broomfield's motion to dismiss for failure to state a claim, (Docket Entry No. 34), is granted in part.

Collins's fraud and misrepresentation claims against Broomfield are dismissed, without prejudice. The parties did not fully brief these issues. Broomfield mentions Collins's common-law claims in passing and did not address the elements of the relevant claims Collins asserted. (*See* Docket Entry No. 34 at 8, 9). Litigants normally waive "cursory" arguments that are undeveloped. *ODonnell v. Harris County*, No. H-16-cv-1414, 2025 WL 3033987, at *9 n.4 (S.D. Tex. Oct. 30, 2025). Dismissing with prejudice Collins's complaint based on arguments not fully raised in Broomfield's brief would be inequitable. Collins requested leave to amend, (Docket Entry No. 50 at 5–6), and Broomfield has not opposed that request. Leave to amend is to be "freely" granted. FED. R. CIV. P. 15(a)(2). For these reasons, Collins may amend his complaint.

In conclusion, Judge Bennett's recommendations, (Docket Entry No. 49), are adopted in part. Collins's motion to vacate, (Docket Entry No. 3), is denied. Broomfield's motion to dismiss, (Docket Entry No. 34), is granted in part and denied in part. Collins's intrinsic and extrinsic fraud claims, as well as his requests to vacate or modify the state-court order, are dismissed, without prejudice. Collins's fraud and misrepresentation claims against Broomfield are dismissed, without prejudice. Collins's unjust enrichment claim against Broomfield remains, but Broomfield may move to dismiss that claim after Collins amends his complaint. Collins must amend his complaint no later than February 13, 2026. The case remains referred to Judge Bennett.

SIGNED on January 16, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge