# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JEFFREY LEE COLLINS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:25-cv-1163 |
| | § | |
| **FLORIDA DEPARTMENT OF** | § | |
| **REVENUE,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the Court[1] is Defendant Florida Department of Revenue's ("FDOR") Motion to Quash Service of Process (ECF No. 55), FDOR's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 59), Defendant Elvira Bromfield's ("Bromfield") Motion to Dismiss (ECF No. 60), and FDOR's Motion to Take Judicial Notice (ECF No. 61).  Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** FDOR's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 59) and Bromfield's Motion to Dismiss (ECF No. 60) be **GRANTED**.  The Court further **DENIES AS MOOT** FDOR's Motion to Quash Service of Process (ECF No. 55) and Motion to Take Judicial Notice (ECF No. 61).

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 9).

## I.    Background

*Pro se* Plaintiff Jeffrey Lee Collins ("Plaintiff") describes this case as a civil rights action brought under 42 U.S.C. § 1983 to redress ongoing and prospective violations of Plaintiff's procedural due process rights. (ECF No. 58 at ¶ 1). Plaintiff alleges FDOR initiated and escalated coercive child-support enforcement measures without providing constitutionally adequate notice, a meaningful opportunity to be heard, or sufficient procedural safeguards to prevent erroneous or arbitrary deprivation of protected liberty and property interests. (*Id.* at ¶ 3).

Factually, Plaintiff alleges a "child-support order concerning Plaintiff was entered in the State of Florida in or around 2008." (*Id.* at ¶ 22). Plaintiff adds that he was "deprived of meaningful notice and a fair opportunity to participate in proceedings and administrative processes that materially affected his rights and obligations." (*Id.* at ¶ 25). Plaintiff further alleges FDOR undertook a series of enforcement actions against Plaintiff including, but not limited to, "administrative collection measures, levies or garnishments, reporting to credit and financial agencies, referral for passport-related restrictions, and other coercive enforcement mechanisms." (*Id.* at ¶¶ 29–30).

Plaintiff states that he seeks "declaratory and prospective injunctive relief to prevent ongoing and future constitutional violations, as well as

compensatory damages for harms already suffered as a result of [FDOR's] unconstitutional enforcement practices." (*Id.* at ¶ 5). Plaintiff also named Bromfield as a defendant, describing her as a private individual who benefited from the child-support enforcement action. (*Id.* at ¶ 15). However, Plaintiff does not assert a cause of action against Bromfield. (*See id.* at ¶¶ 15–16).

FDOR and Bromfield have each filed motions to dismiss. (*See* ECF Nos. 59–60).

## II.   Legal Standard

A motion to dismiss made pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court generally will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to Plaintiff. *See Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777–78 (E.D. Tex. 2020). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12

motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

### III.  Discussion

   a.  <u>FDOR</u>

FDOR advances numerous reasons as to why Plaintiff's Second Amended Complaint should be dismissed, beginning with immunity under the Eleventh Amendment.  (*See* ECF No. 59 at 5–23).  The Court ultimately agrees with FDOR.  Plaintiff's § 1983 claim against FDOR fails because (1) FDOR is not a person within the meaning of § 1983 and (2) FDOR is immune from suit under the Eleventh Amendment.  As explained by the District Court for the Middle District of Florida in a case where a plaintiff brought a 42 U.S.C. § 1983 case against FDOR following a state child support proceeding:

> Plaintiff cannot assert a section 1983 claim against the Florida Department of Revenue for at least two reasons.  First, section 1983 authorizes suits against "[e]very *person* who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). The term "person" does not include states or their agencies. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Taylor v. Dep't of Pub. Safety*, 142 F. App'x 373, 374–75 (11th Cir. 2005) (per curiam).  The Florida Department of Revenue is part of the state executive branch and administers the state's child support enforcement program established under Title IV-D of the Social Security Act. *See, e.g.*, Fla. Stat. § 20.21(2)(h).  The agency is therefore not a person within the meaning of section 1983. *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1278 (11th Cir. 2018) ("[N]either the

4

State of Florida nor its agencies are "persons" within the meaning of § 1983.").

Second, the Eleventh Amendment prohibits a federal court from exercising jurisdiction over an action against a state unless the state has consented to suit or has waived its immunity or Congress has overridden the immunity. *Cross v. State of Ala.*, 49 F.3d 1490, 1502 (11th Cir. 1995). The immunity is "in the nature of a jurisdictional bar" and should be decided early. *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996). When the immunity applies, dismissal without prejudice for lack of jurisdiction is warranted. *Nichols v. Ala. State Bar*, 815 F.3d 726, 733 (11th Cir. 2016).

The immunity extends to a state agency or state entity functioning as an arm of the state. *Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012). The immunity applies whether the requested relief is legal or equitable. *Uberoi v. S. Ct. of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016). Florida has not agreed to be sued under section 1983 for a civil rights violation. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986). And Congress has not overridden a state's immunity for a section 1983 civil rights violation. *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990). And Eleventh Circuit "case law is clear that as a state agency, the [Florida Department of Revenue] is immune from suit under the Eleventh Amendment." *Brown v. Fla. Dep't of Rev. Off. of Child Supp. Enf't*, 697 F. App'x 692, 693 (11th Cir. 2017).

For these reasons, Plaintiff cannot state a section 1983 claim against the Florida Department of Revenue.

*Lewis v. Castro*, No. 6:24-cv-1608, 2024 WL 5673709, at *4 (M.D. Fla. Sep. 12, 2024), *report and recommendation adopted*, No. 6:24-cv-1608, 2024 WL 5673724 (M.D. Fla. Nov. 25, 2024); *Moore v. Fla. Dep't of Revenue*, No. 3:25-cv-817, 2025 WL 3646608, at *4 (N.D. Fla. June 30, 2025), *report and*

*recommendation adopted*, No. 3:25-cv-817, 2025 WL 3645866 (N.D. Fla. Dec. 16, 2025) (finding FDOR was immune from suit under the Eleventh Amendment in a case where a plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 relating to child support orders entered against him in state court); *see also Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("This Eleventh Amendment bar applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief.").

Plaintiff also requests declaratory[2] and injunctive[3] relief. (ECF No. 58 at ¶¶ 58–64, 71–78). The "Eleventh Amendment does not bar suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908)). However, in order "[t]o fall within the *Ex parte Young* exception to sovereign immunity, . . .

---

[2] Plaintiff seeks the following declarations: (1) Defendants' enforcement actions, as alleged herein, violated Plaintiff's procedural due process rights under the Fourteenth Amendment by depriving him of constitutionally protected liberty and property interests without adequate notice or a meaningful opportunity to be heard; and (2) Defendants' reliance on unverified third-party representations in initiating and escalating enforcement actions, without implementing appropriate procedural safeguards, is inconsistent with constitutional requirements governing the exercise of state authority. (ECF No. 58 at ¶¶ 60–61).

[3] Plaintiff seeks injunctive relief that (1) prohibits FDOR from "initiating, escalating, or continuing enforcement actions against Plaintiff unless and until Defendants provide constitutionally adequate notice and a meaningful opportunity to be heard prior to such actions" and (2) requires FDOR to "implement and adhere to procedural safeguards designed to ensure accuracy, fairness, and due process in future enforcement actions involving Plaintiff." (*Id.* at ¶¶ 75–76).

. a plaintiff must name individual state officials as defendants in their official capacities." *Id.* (finding that although plaintiff had asserted claims for injunctive and declaratory relief, he could not utilize the *Ex parte Young* exception to sovereign immunity because he named only state entities, and not their individual officers, as defendants). Here, Plaintiff clearly named only FDOR, a state agency immune from suit, and did not name any individual state officials. As such, Plaintiff's suit against FDOR is barred by sovereign immunity. *See id.* ("Although Raj has asserted claims for injunctive and declaratory relief, he cannot overcome sovereign immunity under *Ex parte Young* because he has named only LSU, LSU Health, and the LSU Board as defendants."); *see also City of Austin v. Paxton*, 943 F.3d 993, 1003-04 (5th Cir. 2019) (finding a district court erred in exercising jurisdiction over a state agency because state agencies are not subject to the *Ex parte Young* exception).

As such, the Court recommends Plaintiff's claims against Defendants be dismissed without prejudice for lack of subject matter jurisdiction. *See Sanders v. Tex. A&M Univ. Texarkana*, No. 5:21-cv-93, 2022 WL 4594218, at *5 (E.D. Tex. Aug. 23, 2022), *report and recommendation adopted*, No. 5:21-cv-093, 2022 WL 4594240 (E.D. Tex. Sep. 29, 2022) (noting that sovereign-immunity-based dismissals are without prejudice).

7

b. <u>Bromfield</u>

Bromfield also filed a motion to dismiss. (ECF No. 60). As discussed, Plaintiff's Second Amended Complaint does not assert a cause of action against Bromfield. (*See* ECF No. 58 at ¶¶ 15–16). Further, in response to Bromfield's motion, Plaintiff states he does not oppose Bromfield's dismissal from this case. (ECF No. 63 at 3–4). As such, the Court recommends Bromfield be dismissed from the lawsuit without prejudice.

## IV.    Leave to Amend

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, "any additional opportunity [to amend] would be futile given the Court's lack of subject matter jurisdiction." *See Griffin v. Furlow*, No. 5:23-cv-016, 2023 WL 3604735, at *4 (N.D. Tex. Apr. 26, 2023), *report and recommendation adopted*, No. 5:23-cv-016, 2023 WL 3611448 (N.D. Tex. May 23, 2023) (collecting cases). As such, the Court recommends Plaintiff not be given leave to amend.

## V.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** FDOR's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 59) and Bromfield's Motion to Dismiss (ECF No. 60) be **GRANTED**.  Specifically, the Court **RECOMMENDS** Plaintiff's claims against FDOR be **DISMISSED WITHOUT PREJUDICE** and Bromfield be **DISMISSED WITHOUT PREJUDICE** from this lawsuit.  As such, the Court **RECOMMENDS** the case be **DISMISSED** in its entirety.  The Court further **DENIES AS MOOT** FDOR's Motion to Quash Service of Process (ECF No. 55) and Motion to Take Judicial Notice (ECF No. 61).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on May 11, 2026.

_____
Richard W. Bennett
United States Magistrate Judge

9