United States District Court
Southern District of Texas

**ENTERED**
June 10, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

JEFFREY LEE COLLINS,                    §
                                        §
                    Plaintiff,          §
v.                                      §     CIVIL ACTION NO. H-25-1163
                                        §
FLORIDA DEPARTMENT OF                   §
REVENUE, *et al.*,                      §
                                        §
                    Defendant.          §

## ORDER

This case arises out of a 2008 administrative child-support order issued against Jeffrey Lee Collins by the Florida Department of Revenue following a court proceeding and order. (Docket Entry No. 6 at 2). Collins alleges that he has only one biological child, but that the Florida Department of Revenue's child-support order was based on him having two children. (*Id.* at 3). In July 2024, Collins attempted to have both children take paternity tests. (*Id.* at 3–4). Only one complied. (*Id.*). He argued, based on these facts, that Elvira Broomfield, the mother of both children, knowingly misrepresented the paternity of one child. (*Id.* at 4).

In March 2025, Collins filed this lawsuit against the Department and Broomfield. (Docket Entry Nos. 1, 6). After the defendants moved to dismiss, this court entered a Memorandum Opinion and Order granting in part and denying in part Broomfield's motion to dismiss. (Docket Entry No. 57). Collins filed a second amended complaint, which the defendants also moved to dismiss. (Docket Entry Nos. 58, 59, 60). Magistrate Judge Richard W. Bennett then issued a Memorandum and Recommendation on the motions to dismiss. (Docket Entry No. 67). Judge Bennett recommended that the court dismiss the Florida Department of Revenue for lack of subject-matter jurisdiction and dismiss Broomfield because the second amended complaint does not assert a claim against her. (*See generally id.*). Collins objected to the Memorandum and

Recommendation and moved for leave to amend his complaint to assert claims against the individual Florida state revenue officers, rather than against the Florida Department of Revenue. (Docket Entry No. 70).

The court reviews the recommendations de novo. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The court adopts the recommendations to dismiss Collins's second amended complaint. The motions to dismiss Collins's second amended complaint, (Docket Entry Nos. 59, 60), are granted.

The remaining question is whether Collins should have leave to amend his complaint to assert claims against the individual Florida state officers who were involved in garnishing Collins's bank accounts to enforce the child-support order entered by the Florida state court. Because this is the first dismissal of Collins's claims against a Florida government defendant, and because the court cannot conclude from the face of the complaint that amendment would be futile, Collins has leave to file the proposed third amended complaint. The claims in that complaint are limited to allegations that the individual Florida state officers failed to provide Collins with adequate notice of, and an opportunity to object to, the Title IV-D enforcement procedures. (Docket Entry No. 70-1 ¶¶ 104–12). The defendants may file motions to dismiss the claims in that amended complaint after the individual defendants are properly served with process and have an opportunity to answer or otherwise appear. Any further dismissals will be with prejudice. *See Reed v. City of Texas City*, 161 F. Supp. 3d 474, 478 (S.D. Tex. 2015) ("Prior unsuccessful amendments may also justify granting dismissal with prejudice."). The case remains referred to Judge Bennett.

SIGNED on June 10, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

2